# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>__MICHAEL LEE CUTTER__<br>*Defendant* | **ORDER OF DETENTION PENDING TRIAL**<br>Case     1:09 mj 37 |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed -    that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

X (1) There is probable cause to believe that the defendant has committed an offense
  X for which a maximum term of imprisonment of ten years or more is prescribed in __18 U.S.C. § 2422(b)__.
  ☐ under 18 U.S.C. § 924(c).
☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.
X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by   X clear and convincing evidence   ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| | |
|---|---|
| Date | *Signature of Judge* |
| | Dennis L. Howell, United States Magistrate Judge |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 mj 37

UNITED STATES OF AMERICA,

Vs.

MICHAEL LEE CUTTER.

**ADDENDUM TO DETENTION ORDER**

## I. FACTORS CONSIDERED

**18 U.S.C. § 3142:**

**(g) Factors to be considered.**--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including--

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve an allegation of at least an attempt by the defendant to commit a criminal offense with a person whom he thought was a minor child.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant. The defendant entered into an internet conversation with Det. Jeff Sluder of the Buncombe County Sheriff's Department thinking that Det. Sluder was an eleven year old girl. The defendant made arrangements to meet the person that he thought was an eleven year old girl for the purpose of having sexual relations with that person.

**(g)(3):** The history and characteristics of the person

    (A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant resides in Greer, SC near his parents. He is unemployed at the present time. He had previous employment at Quaker State Restaurant in Greenville, SC. The defendant has previously resided in Georgia for one year, Florida for three years, Ohio for six years and Indiana for twelve years. The defendant has been in the United States Army. He has family ties and connections in the Greer, SC community. The defendant has asthma and has been diagnosed as being clinically depressed and has been prescribed Prozac and has also been diagnosed with anxiety. The defendant's history relating to drug or alcohol abuse shows that he used alcohol, marijuana and cocaine with a recent use of both marijuana and alcohol.

The defendant does not have any criminal record.

The defendant's record concerning appearance at court appearances shows that the defendant has never failed to appear.

    (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does not exist.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of the defendant would create a risk of harm or danger to any other person or the community. The crime with which the defendant is charged creates a presumption there are no conditions or combination of conditions of release that would assure the safety of the community. The

evidence in this case shows the defendant was actively seeking to have a sexual relationship with a person he thought was an eleven year old girl. This evidence shows that the release of the defendant would create a risk of harm or danger to any other person or the community. The undersigned finds the presumption of detention has not been rebutted and will order the detention of the defendant.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part. The presumption has been rebutted. The defendant has appeared at all court proceedings and has never attempted to flee the jurisdiction.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: May 27, 2009

Dennis L. Howell
United States Magistrate Judge