# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:09CR53

| | |
|---|---|
| UNITED STATES OF AMERICA )<br> )<br> )<br>VS. )<br> )<br> )<br> )<br>MICHAEL LEE CUTTER )<br> ) | **O R D E R** |

**THIS MATTER** is before the Court on Defendant's appeal from the Magistrate Judge's Order of Detention pending trial. The parties have not requested a hearing in this matter and the Court finds that the decision can be made on the existing record. For the reasons that follow, the order of detention is affirmed.

## I. PROCEDURAL AND FACTUAL HISTORY

On May 20, 2009, Defendant was arrested on a criminal complaint charging him with attempting to persuade or induce a female whom he believed to be less than 18 years of age to engage in sexual acts, in violation of 18 U.S.C. § 2422(b). On May 22, 2009, a preliminary hearing

was held where the Magistrate Judge found probable cause to believe that Defendant committed the offense charged in the complaint. Following the preliminary hearing, the Government moved for detention pending trial. The Government and Defendant presented evidence and the Magistrate Judge entered an oral order detaining Defendant pending trial. On May 28, 2009, a written order was entered that included a thoroughly detailed examination of the statutory factors set forth in 18 U.S.C. § 3142. The grand jury returned a true bill of indictment on June 2, 2009, charging Defendant with one count of violating 18 U.S.C. § 2422(b). This appeal of the Magistrate Judge's Order of Detention followed.

During the preliminary hearing, the Government offered testimony from Detective Jeff Sluder of the Buncombe County Sheriff's Department ("BCSD"). After making a finding of probable cause, the Magistrate Judge held a detention hearing during which the Government offered the previous testimony from the Detective and introduced into evidence the pretrial services report without objection from the Defendant. Defendant presented testimony from his mother.

The Government's evidence shows that on or about May 18, 2009, Detective Sluder, while working as a member of the Computer Crimes Unit

for BCSD, entered an online chat room on Yahoo! and posed as an 11-year-old girl. Sluder testified that he assumed a "passive" role in the chat room, explaining that he did not initiate conversations with others. He received an instant message from someone named "Mike C"; Detective Sluder identified himself as an 11-year-old girl, and Mike C. identified himself as a 26-year-old male. The two exchanged photographs, at which time Mike C. indicated to Detective Sluder that he would like to have sexual relations with what the evidence showed he believed to be an 11-year-old girl. After further conversation, Mike C. asked if Sluder could find a ride and meet him at a local mall in North Carolina and then proceed with him to a nearby hotel. The Detective replied that he had a 17-year-old friend that could provide the fictitious girl a ride to the mall, and return later to pick her up from the hotel. After agreeing on the time and place to meet, Mike C. described the clothes he would be wearing to the meeting. A short while later, an individual matching the picture provided by Mike C. to Detective Sluder online and wearing the described clothes arrived at the agreed-upon location at the mall and was arrested by law enforcement officers.

Mike C., later identified as the captioned Defendant through his driver's license and admissions, explained that he set up the meeting with who he thought was an 11-year-old girl. Defendant admitted traveling to the mall from his residence in South Carolina with the intent to meet the girl and have sex with her; however, he later stated that he may have changed his mind because she might have reminded him of his niece. The computer Defendant used to set up the meeting was seized and state charges were brought in Buncombe County Superior Court. Defendant posted bail with the assistance of his parents.

Defendant's mother, Cynthia Wentz, testified during the detention hearing that Defendant had no criminal record and that if he were released he could live at home and continue studying auto mechanics at a community college in Greenville, South Carolina. Mrs. Wentz and Defendant's father provide financial support for him, including paying his car payment and car insurance. Mrs. Wentz testified that there was no computer in her home, but there is a telephone land line in the home in the event that electronic monitoring was ordered. Mrs. Wentz testified that she and Defendant's father would assume full responsibility for Defendant if he

were released and would ensure that he appeared for court appearances and abided by the conditions of pretrial release.

After presentation of the evidence, the Government argued that because of the nature of the charges, Defendant must overcome a rebuttable presumption that no conditions exist which would reasonably assure Defendant's appearance or assure the safety of the community. Defendant objected to a rebuttable presumption, contending there was no actual victim in this case because the officer had merely posed as an 11-year-old girl. The Magistrate Judge concluded that there was a rebuttable presumption in favor of detention, and ordered Defendant detained pending trial after finding that Defendant had not met his burden of overcoming the presumption of detention.

Further facts will be set forth herein.

## II. STANDARD OF REVIEW

Title 18 U.S.C. § 3145(b) governs review and appeal of detention orders and provides that "[i]f a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." In

acting on such a motion, the Court reviews the Magistrate Judge's order *de novo*.  *United States v. Stewart*, **19 Fed. App'x 46, 47 (4th Cir. 2001)**. Thus, this Court makes "an independent determination of the proper pretrial detention or conditions of release." *Id.*

### III.  DISCUSSION

The Bail Reform Act provides for a statutory presumption in favor of detention under § 3142(e)(3), which provides:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that the there is probable cause to believe that the person committed –
> (E) an offense involving a minor victim under section . . . 2422[.]

**18 U.S.C. § 3142(e)(3)(E).**  The indictment charges Defendant with violating 18 U.S.C. § 2422(b), which makes it a crime to use the internet to knowingly persuade "any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so."

Defendant argued before the Magistrate Judge and contends on appeal that since there was not an actual 11-year-old girl in this case, there

is no "minor victim" and thus the rebuttable presumption in favor of detention should not apply. **Appeal of Bond Modification, filed June 1, 2009, at 1**.

The Court finds Defendant's argument is foreclosed by Fourth Circuit case law. **See, *United States v. Kaye*, 243 F. App'x 763 (4th Cir. 2007).** In *Kaye*, the defendant was charged with violating § 2422(b). The evidence presented at trial showed that defendant knowingly interacted online with an individual he believed to be a 13-year-old boy; in reality, the defendant was communicating with an adult "undercover operative with Perverted Justice, an online organization dedicated to exposing adults who use the internet to seek sexual activity with children." *Id.* **at 765.** Defendant moved to dismiss the indictment, contending he could not be convicted of violating § 2422(b) "since he interacted at all times with an adult and not a thirteen year old boy." *Id.* The district court denied the motion to dismiss; the Fourth Circuit affirmed the trial court and rejected the defendant's argument as "meritless." Likewise, the undersigned rejects this Defendant's similar argument, and concludes that he must present evidence to overcome the presumption of detention.

The undersigned concludes that the evidence presented at the detention hearing supports a finding of probable cause to believe that Defendant violated § 2422(b). The remaining question is whether Defendant has carried his burden of rebutting the presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." **18 U.S.C. § 3142(e)(3).**

The following statutory factors are set forth for consideration:

>(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person, including –
>
>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>(B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

      (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

**18 U.S.C. § 3142(g).** After considering the evidence presented by the Government and Defendant, the undersigned concludes that Defendant has not overcome the presumption in favor of detention.

      The first two factors weigh against Defendant. The crime charged involves the attempt to engage in sexual relations with an individual Defendant believed was an 11-year-old child. The evidence presented during the preliminary hearing weighs heavily against Defendant based on his actions in arranging a meeting place and actually appearing at that place with the intentions of having sexual relations with a minor child.

      The third factor weighs slightly in favor of Defendant. Defendant's mother testified that she and her husband would take full responsibility for Defendant if he were released and provide him with a place to stay. Defendant appears to have no prior criminal history and does not have the financial resources to flee.

      The final factor weighs heavily against Defendant. As noted above, the evidence shows Defendant believed he was communicating with an 11-year-old girl and arranged to meet with her and have sexual relations, and

that Defendant did in fact arrive at the meeting place. After considering all the evidence, including the pretrial services report and testimony before the Magistrate Judge, the Court finds that Defendant's release presents a serious risk of danger to others in the community.

Based on the foregoing, the Court concludes that Defendant has failed to overcome the presumption in favor of pretrial detention.

### IV. ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's appeal of the Order of Detention is **DENIED** and the Magistrate Judge's Order of Detention is **AFFIRMED.**

Signed: June 16, 2009

Lacy H. Thornburg
United States District Judge